# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| **CHARLES BRENNAN**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**HANEY TRUCK LINE, LLC,** an Oregon Corporation,<br><br>Defendant. | **COMPLAINT - CLASS ACTION**<br><br>**Case No.**<br><br>**COMPLAINT FOR UNPAID WAGES, EXEMPLARY DAMAGES, AND DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFF'S CLASS ACTION COMPLAINT-1

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208
Tel: (310) 601-6766
Fax: (310) 25-2385

Plaintiff Charles Brennan ("Plaintiff"), on behalf of himself and all others similarly situated, complains and alleges the following:

## NATURE OF ACTION

1. This is a class action, pursuant to Federal Rule of Civil Procedure 23, seeking lost and/or unpaid wages, exemplary damages, interest, and reasonable attorney's fees and costs pursuant to Revised Code Washington (hereinafter "RCW") 49.12, 49.46.020, 49.46.090, 49.52.050, and 49.052.070 and Washington Annotated Code (hereinafter "WAC") 296-126-092 on behalf of Plaintiff and all other individuals who have been employed in the State of Washington by Haney Truck Line, LLC (hereinafter "Defendant") during the three years prior to the filing of this Complaint through the present (hereinafter "Class Period") as truck drivers (hereinafter "Class Members").

## THE PARTIES

2. Plaintiff is a resident of the State of Washington in Pierce County. Defendant employed Plaintiff as a truck driver at it Yakima, Washington location from 2008 until the first quarter of 2017. During his employment, Plaintiff spent virtually every day of each week driving routes in Washington State for Defendant

3. Defendant is an Oregon corporation with its headquarters located in Yakima, Washington. Defendant transports general commodities, including food and consumer products, by truck to customers throughout the Western United States and Western Canada, including Washington, Oregon, Idaho, Montana, Utah, California, Nevada, British Columbia and Alberta. Defendant's revenue in 2015 was approximately $100 million.

4. Defendant employs Class Members to make deliveries to its customers from 11 locations throughout the Western United States, including 5 locations in Washington State.

## JURISDICTION

5. This Court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d), because there is minimal diversity, more than 100 class members, and more than $5,000,000 in controversy, exclusive of interest and costs.

PLAINTIFF'S CLASS ACTION COMPLAINT-2

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208
Tel: (310) 601-6766
Fax: (310) 25-2385

6. Defendant is an Oregon corporation with its headquarters located in Yakima, Washington. Defendant has, at all relevant times, operated out of, and employed Plaintiff and Class Members, within Washington State.

**VENUE**

7. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to Plaintiff's claims occurred in this District.

**FACTUAL ALLEGATIONS**

8. On information and belief, since at least the start of the Class Period, Defendant has maintained a policy and/or practice of compensating Class Members on a piece-rate basis, based on an established per-mile or per-load rate.

9. Under Washington law, employers are required to provide employees with a paid 10-minute rest period for each 4 hours of working time. WAC 296-126-092(4). If employees are paid on a piece-rate basis, then the employer must compensate the employees separately and hourly for their time spent taking rest period.

10. On information and belief, throughout the Class Period, Defendant maintained a policy and/or practice of failing to pay Plaintiff and Class Members hourly and separately for rest breaks.

11. During the Class Period, Defendant issued inaccurate itemized wage statements to its Class Members. Specifically, the itemized wage statements issued to Class Members consistently fail to include accurate entries for "total hours worked" and the full "wages earned" by virtue of their exclusion of hours and hourly pay for rest breaks.

12. As a result of Defendant's failure to pay for rest breaks, Defendant also failed to pay all wages due to Plaintiff and Class Members at the established regular pay periods, and upon the termination of their employment with Defendant.

13. On information and belief, Defendant was on notice of the improprieties alleged herein by Plaintiff, and intentionally refused to rectify their unlawful and unfair policies. Defendant's failure to pay Class Members all wages owing to them alleged above, during all

PLAINTIFF'S CLASS ACTION COMPLAINT-3

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208
Tel: (310) 601-6766
Fax: (310) 25-2385

relevant times herein, were willful and deliberate, and not the result of error or a bona fide dispute regarding the payment of wages.

## CLASS ACTION ALLEGATIONS

14. Plaintiff asserts his claims under WAC and RCW on behalf of himself and a class of similarly-situated people defined as: All persons employed as truck drivers by Haney Truck Line, LLC, who drove at least one route of 3 hours or more within Washington State, and who were paid on a piece-rate basis, at any time during the Class Period.

15. Upon information and belief, there are at least 100 current and former employees in the Class. Given Defendant's systemic failure to comply with the WAC and RCW, the members of the Class are so numerous that joinder of all members is impractical.

16. Plaintiff's claims are typical of the claims of the Class because he was a truck driver who was not paid separately and hourly for rest periods during the Class Period.

17. Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff has no conflict of interest with any member of the Class. Plaintiff has retained competent and experienced counsel in complex action class litigation. Plaintiff's counsel has the expertise and financial resources to adequately represent the interests of the Class.

18. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Plaintiff and the Class are the following:

　　a. Whether Defendant violated WAC 196-126-092 by failing to pay Plaintiff and Class Members separately and hourly for rest periods;

　　b. Whether Defendant violated WAC 296-126-040 for furnishing wage statements to Class Members that failed to include Class Members' total hours worked and that failed to accurately sum up the total wages earned;

　　c. Whether Defendant violated WAC 296-126-023 by failing to meet its legal obligation to pay all wages due to Plaintiff and Class Members at the established regular pay periods;

PLAINTIFF'S CLASS ACTION COMPLAINT-4

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208
Tel: (310) 601-6766
Fax: (310) 25-2385

  d. Whether Defendant violated RCW 49.48.010 by failing to pay Class Members all wages due to them upon termination of their employment with Defendant;

  e. Whether Defendant's violations of Washington wage and hour law were willful and with intent to deprive pursuant to RCW 49.52.050;

  f. Whether Defendant's violations of Washington wage and hour law are unfair or deceptive acts or practices in the conduct of any trade or commerce, in violation of the Consumer Protection Act, RCW 19.86; and

  g. The nature and extent of class-wide injury and the measure of damages for the injury.

19. Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individuals would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class members are readily identifiable from Defendant's employee rosters and/or payroll records.

20. Defendant's actions are generally applicable to the entirety of the Class. Prosecution of separate actions by individual members of the Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which, in turn, would establish incompatible standards of conduct for Defendant.

21. Because joinder of all members of the Class is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, the amounts at stake for many members of the Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendant.

## FIRST CAUSE OF ACTION
**Failure to Pay Hourly and Separately for Rest Periods In Violation of WAC 296-131-020**

22. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

23. Throughout the Class Period, Defendant failed to pay Class Members separately and hourly for rest breaks in violation of WAC 296-131-020(2).

24. As a result, Plaintiff and Class Members are entitled to recover the full amount of their underpaid wages, and attorney's fees and costs, pursuant to RCW 49.12 and 49.48.030.

## SECOND CAUSE OF ACTION
**Failure to Issue Accurate Itemized Wage Statements
In Violation of WAC 296-126-040 and RCW 49.46.070**

25. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

26. Throughout the Class Period, Defendant failed to furnish Plaintiff and Class Members with accurate itemized wage statements because the statements issued by Defendant failed to itemize wages owed for rest breaks, in violation of WAC 296-126-040 and RCW 49.46.070.

27. As a result, Plaintiff and the Class are entitled to declaratory and injunctive relief, and reasonable attorney's fees and costs, as allowed by law.

## THIRD CAUSE OF ACTION
**Failure to Pay All Wages Due at Established Pay Periods
In Violation of WAC 296-126-023**

28. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

29. Throughout the Class Period, as a result of its failure to pay wages owed for rest breaks, Defendant failed to meet its legal obligation to pay all wages due to Plaintiff and Class Members at the established regular pay periods because it failed to pay them wages owed for rest breaks in violation of WAC 296-126-023.

PLAINTIFF'S CLASS ACTION COMPLAINT-6

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208
Tel: (310) 601-6766
Fax: (310) 25-2385

30. As a result, Plaintiff and Class Members are entitled to recover the full amount of their underpaid wages, and attorney's fees and costs, pursuant to RCW 49.12.

## FOURTH CAUSE OF ACTION
### Failure to Pay All Wages on Termination in Violation of RCW 49.48.010

31. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

32. During the Class Period, as a result of its failure to pay wages owed for rest breaks, Defendant failed to pay Class Members all wages due to them upon termination of their employment with Defendant, in violation of RCW 49.48.010.

33. As a result, Plaintiff and Class Members are entitled to recover the full amount of their underpaid wages, and attorney's fees and costs, pursuant to RCW 49.12 and 49.48.030.

## FIFTH CAUSE OF ACTION
### Willful Refusal to Pay Wages In Violation of RCW 49.52.050

34. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

35. During the Class Period, Defendant paid Plaintiff and Class Members less than the amounts they were entitled to under Washington law, willfully and with the intent to deprive Class Members of their wages, in violation RCW 49.52.050.

36. As a result, Plaintiff and Class Members are entitled to recover twice the amount of the wages withheld, as well as attorneys' fees and costs, pursuant to RCW 49.52.070.

## SIXTH CAUSE OF ACTION
### Violation of Washington's Consumer Protection Act, RCW 19.86

37. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

38. During the four years prior to the filing of this Complaint, and continuing at the present, Defendant's violations of the WAC and RCW, as alleged above, were unfair or deceptive acts or practices that occurred in Defendant's trade or business, and injured Plaintiff, Class Members in violation of RCW 19.86.

PLAINTIFF'S CLASS ACTION COMPLAINT-7

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208
Tel: (310) 601-6766
Fax: (310) 25-2385

39. As a result, Plaintiff is entitled pursuant to RCW 19.86.090 to actual damages, reasonable attorney's fees and costs, and treble damages.

## VIII. PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and the members of the Class, pray for judgment against Defendant as follows:

A. An Order than this action may proceed and be maintained as a class action and certifying the Class as defined above;

B. Unpaid wages pursuant to RCW 49.12, 49.12.150 and 49.46.090;

C. An award of double damages in an additional amount equal to the amount wages unlawfully withheld during the Class Period pursuant to RCW 49.52.050 and 70;

D. An award of actual damages in the amount wages unlawfully withheld during the four years prior to the filing of this Complaint, reasonable attorney's fees and costs, and treble damages, pursuant to RCW 19.86.090;

E. An award of costs and reasonable attorney's fees pursuant to 49.48.030;

F. An award of prejudgment and post judgment interest;

G. All other relief this Court deems proper.

## VII. JURY DEMAND

Plaintiff hereby demands trial by jury of his and the Class' claims against Defendant.

Dated: August 4, 2017            Respectfully submitted,

                                         /s/ Julian Hammond
Julian Hammond
HAMMONDLAW, P.C.
1829 Reisterstown Road, Suite 410
Baltimore, MD  21208
(310) 601-6766
(310) 295-2385 (Fax)

Attorneys for Plaintiff and Putative Class